ADELE LA VALLE v. THE ELECTRIC CUTLERY COMPANY.

1. Rules 35 and 36 of the Supreme Court (*Corbin's Rules, pp.* 49, 50) apply to Supreme Court issues referred to the Circuit Court for trial pursuant to section 3 of the act of March 9th, 1893. *Pamph. L., p.* 158.
2. The application for a rule to show cause for a new trial in such cases must be made to the justice of the Supreme Court holding the Cir-

cuit, and the rule allowed by him will have the same effect as in cases tried by such justice in the first instance. Form of *postea* required in such cases.

On motion to vacate a rule to show cause why a new trial should not be granted.

Argued at June Term, 1893, before Justices DEPUE, LIPPINCOTT and ABBETT.

For the motion, *John R. Emery.*

*Contra, Samuel Kalisch.*

The opinion of the court was delivered by

DEPUE, J.   This case, an issue in the Supreme Court, was noticed for trial in the Essex Circuit, and, by consent of parties, was referred for trial to the Circuit Court judge holding the county Circuit Court, pursuant to the third section of the act of March 9th, 1893, which provides for the appointment of Circuit Court judges. *Pamph. L., p.* 158.   The case having been tried before the Circuit judge and a jury, resulted in a verdict for the plaintiff.   The result of the trial having been reported by the Circuit Court judge to the justice of the Supreme Court holding the Circuit, a *postea* was signed in conformity with the verdict.   Thereupon the defendant's attorneys applied to the justice of the Supreme Court for a rule to show cause why a new trial should not be granted in conformity with rules 35 and 36 of the Supreme Court. *Corbin's Rules, pp.* 49, 50.

On the return of the rule to show cause at June Term, the plaintiff's counsel made a motion to set aside the rule on the ground that the justice of the Supreme Court had no power to grant such a rule.   The defendant's counsel, on the argument of this motion, proposed to apply to this court for a like rule if the rule already granted was irregular.   This application was directed to stand over until the motion of the plaintiff's counsel was decided.

Rule 35 provides that where either of the parties desires a rule to show cause why a new trial shall not be granted, he shall apply for such rule to the justice before whom the trial took place, and that the justice to whom such application shall be made shall exercise the same discretion in granting such rule as previously was exercised by the court. Rule 36 provides that the application shall be made *ex parte* and within four days after the verdict, and that, in default of compliance with this requirement, no application for a rule to show cause shall be heard by the court except upon matters which were not known to the party before the expiration of four days after the trial.

The plaintiff's counsel contends that this rule has been abrogated with respect to Supreme Court issues referred for trial to the Circuit Court judge under the act of 1893. His contention is based upon the following language, in the third section : "And the result of said trial [*i. e.,* before the Circuit judge] being reported to the said justice, the same shall be received as conclusive evidence in the trial before him ; and the Supreme Court shall be authorized to grant new trials in such procedure as in other cases."

There is no conflict between the statute and the rules in question. The statute contemplates a trial before the justice of the Supreme Court, in which the result of the trial before the Circuit judge is to be received as conclusive evidence. The justice of the Supreme Court to whom this application was made is therefore " the justice before whom the trial took place," within the language of the rule ; and his finding upon the result, reported by the Circuit judge as conclusive evidence, is embodied in the *postea* as if the case had been tried originally by the said justice or the issue had been found by a jury sitting with him. Nor do the words " the Supreme Court shall be authorized to grant new trials as in other cases " conflict with the rules. Under the rules, the Supreme Court alone had power to grant a new trial, the granting of a rule to show cause by the justice being designed to facilitate the hearing before the court of the application on the merits.

Indeed, the concluding words, "as in other cases," imply that the procedure shall be in compliance with the rules of the court, one of which prohibits an application to the court unless application shall have been made to the justice within four days after the conclusion of the trial.

At the foot of the rule in this case is written a recommendation, signed by the Circuit judge, that the rule be granted. But it must be assumed that the Supreme Court justice was made acquainted with the facts appearing at the trial, and that he properly exercised the discretion conferred upon him by rule 35.

We think that rules 35 and 36 apply to and govern Supreme Court issues tried under the statute in question. If we had reached a different conclusion, the rule granted would nevertheless be within the powers conferred upon justices of the Supreme Court by section 291 of the Practice act. *Rev.*, *p.* 893.

The *postea* on an issue out of this court, tried before the Circuit judge, under the statute, should, after setting out the preliminary proceedings—the consent of the parties, the waiver of a jury, the reference to the judge holding the county Circuit for trial, the trial before the latter, and the report of the result of the trial to the justice—conclude with a certificate to the effect that, the said result being reported to him, he, the said justice, did thereupon find, &c. In the latter respect, the *postea* in this case is informal and may be amended. The motion to vacate is denied, without costs.